## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN RIVERA, | : | No. 3:25-CV-0831 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| WARDEN FRITH, | : | |
| Respondent | : | |

### MEMORANDUM

Petitioner John Rivera initiated the above-captioned action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asks the court to order the Federal Bureau of Prisons (BOP) to "recalculate" his projected release date and conditional prerelease placement date with consideration of his earned time credits under the First Step Act (FSA), Pub. L. 115-391, 132 Stat. 5194 (2018). For the following reasons, the court will deny Rivera's Section 2241 petition.

### I.    BACKGROUND

Rivera is currently serving a 96-month sentence imposed by the United States District Court for the District of New Hampshire for controlled substance and firearm offenses. (Doc. 7-3 ¶ 5; Doc. 7-4 at 2). His current projected release date, via good conduct time, is November 7, 2028. (See Doc. 7-3 ¶ 5).

Rivera filed the instant Section 2241 petition in this court in May 2025. (See generally Doc. 1). In his petition, he asks the court to order the BOP to "recalculate" his release date and prerelease placement date to include FSA time credits he has earned. (See id. at 10). Respondent timely responded to Rivera's Section 2241 petition. (See generally Doc. 7). Rivera did not file a traverse, and the time for doing so has passed. His Section 2241 petition, therefore, is ripe for disposition.

## II.    DISCUSSION

Respondent asserts that Rivera failed to exhaust administrative remedies and that, even if he had properly exhausted his claims, they are substantively meritless. Respondent is correct on both accounts.

### A.    Exhaustion of Administrative Remedies

Although there is no explicit statutory exhaustion requirement for Section 2241 habeas petitions, the United States Court of Appeals for the Third Circuit has consistently held that exhaustion applies to such claims. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (citing Schandelmeier v. Cunningham, 819 F.2d 52, 53 (3d Cir. 1986)); Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996). Exhaustion allows the relevant agency to develop a factual record and apply its expertise, conserves judicial resources, and provides

agencies the opportunity to "correct their own errors" thereby fostering "administrative autonomy." Moscato, 98 F.3d at 761-62 (citations omitted).

The Bureau of Prisons has a specific internal system through which federal prisoners can request review of nearly any aspect of their imprisonment. See generally 28 C.F.R. §§ 542.10-.19. That process begins with an informal request to staff and progresses to formal review by the warden, appeal with the Regional Director, and—ultimately—final appeal to the General Counsel. See id. §§ 542.13-.15.

Exhaustion is the rule in most cases, and failure to exhaust will generally preclude federal habeas review. See Moscato, 98 F.3d at 761. Only in rare circumstances is exhaustion of administrative remedies not required. For example, exhaustion is unnecessary if the issue presented is one that consists purely of statutory construction. See Vasquez v. Strada, 684 F.3d 431, 433-34 (3d Cir. 2012) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981)). Exhaustion is likewise not required when it would be futile. Rose v. Lundy, 455 U.S. 509, 516 n.7 (1982); see Cottillion v. United Refining Co., 781 F.3d 47, 54 (3d Cir. 2015) (affirming, in ERISA context, futility exception to exhaustion requirement). "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." Wilson

3

v. MVM, Inc., 475 F.3d 166, 175 (3d Cir. 2007) (quoting D'Amico v. CBS Corp., 297 F.3d 287, 293 (3d Cir. 2002)).

The record plainly reflects that Rivera did not exhaust his administrative remedies with respect to any FSA claim. To date, Rivera has not filed a single formal administrative remedy while in BOP custody. (See Doc. 7-2 ¶ 8; Doc. 7-6). Consequently, because Rivera failed to exhaust his FSA claim, this court is generally precluded from ruling on the merits of his Section 2241 petition. See Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 762 (3d Cir. 1996); Ryan v. United States, 415 F. App'x 345, 347 (3d Cir. 2011) (nonprecedential) ("As [Petitioner] readily acknowledges that he failed to exhaust available administrative grievance processes, the District Court was correct to dismiss his petition." (citing Moscato, 98 F.3d at 760)).

Rivera's conclusory statement that exhaustion would be "futile", (see Doc. 1 at 5), falls far short of making a "clear and positive showing" of futility. Moreover, to the extent that he is claiming that he has earned more FSA credits than the BOP has credited him, such FSA calculation disputes are the quintessential types of claims that must be presented first to the BOP before being raised in a Section 2241 petition. See Donnelly v. Fed. Bureau of Prisons, No. 10-cv-3105, 2012 WL 2357511, at *4-5 (D. Minn. May 30, 2012) (noting that one of the primary purposes of exhaustion is to develop the relevant factual and legal

issues, as "[t]he administrative remedies process hones the factual record, and brings clarity to the legal issues presented in the case," and concluding that the purported challenge to a BOP policy "should have been fine-tuned and vetted before being brought into federal court"), *report & recommendation adopted*, 2012 WL 2357490 (D. Minn. June 20, 2012).

### B.    Merits of FSA Claim

Rivera further contends that his claim involves only statutory construction, so exhaustion is excused.  (Doc. 1 at 5).  Assuming Rivera is correct and exhaustion is excused, his petition is meritless.  While Rivera is able to earn FSA credits, he is presently ineligible for *application* of those credits.

If FSA time credits are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. § 3624(g). Among other requirements, to be eligible for application of earned time credits, a prisoner must (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2) demonstrate through periodic risk assessments a "recidivism risk reduction" or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and (4) as pertains to prerelease custody, have been determined under "the System" to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner or

have had a petition to be transferred to prerelease custody approved by the

warden of the prison; or, as to placement in supervised release, "been

determined under the System to be a minimum or low risk to recidivate pursuant

to the last reassessment of the prisoner." See 18 U.S.C. § 3624(g)(1); see also

28 C.F.R. § 523.44(b)-(d).

Per the latest FSA "Time Credit Assessment" on record, (see Doc. 7-7),

Rivera has accrued only 100 days of FSA credits. (See id. at 1). Thus, he has

not earned time credits "in an amount that is equal to the remainder of [his]

imposed term of imprisonment[.]" 18 U.S.C. § 3624(g)(1)(A). Contrary to

Rivera's contention, this is a statutorily imposed prerequisite for application of

FSA credits, not one that is based on BOP policy.

More importantly, Rivera is currently a "high" recidivism risk inmate. (See

Doc. 7-3 ¶¶ 16-31; Doc. 7-8; Doc. 7-10). Section 3624(g) requires, for placement

in prerelease custody, that the prisoner "has been determined under the System

to be a minimum or low risk to recidivate pursuant to the last 2 reassessments of

the prisoner" or has individualized approval by the warden. See 18 U.S.C. §

3624(g)(1)(D)(i). For early transfer to supervised release, Section 3624(g)

requires that the inmate "has been determined under the System to be a

minimum or low risk to recidivate pursuant to the last reassessment of the

prisoner," id. § 3624(g)(1)(D)(ii), or has individualized approval by the warden, id.

§ 3624(g)(1)(D)(i)(II). Under either scenario, application of time credits—that is, creating and implementing an earlier prerelease custody or release date based on credits earned—cannot occur until the prisoner has been determined to be a minimum or low recidivism risk. See Montgomery v. Barraza, No. 4:23-CV-00437, 2023 WL 4827083, at *2-3 (M.D. Pa. July 27, 2023) (Brann, C.J.); Bell v. Finley, No. 1:21-cv-925, 2022 WL 1721045, at *4 (M.D. Pa. May 27, 2022) (citing 18 U.S.C. § 3624(g)(1)(D)(i); 28 C.F.R. § 523.42(c)(2)(i)-(ii)); Hernandez v. Warden FPC-Lewisburg, No. 1:21-cv-0599, 2022 WL 452408, at *3 (M.D. Pa. Feb. 14, 2022); Moody v. Gubbiotti, Civ. No. 21-12004 (RMB), 2022 WL 4976308, at *6 (D.N.J. Oct. 3, 2022) (citing 18 U.S.C. § 3624(g)).

Rivera is currently a "high" recidivism risk. Congress has determined that he will not be eligible for application of FSA time credits until, among other preconditions, that risk level is reduced to minimum or low.[1] Thus, even if Rivera had properly exhausted his FSA claim or exhaustion were excused, his claim is meritless.

---

[1] Or the warden of Rivera's facility of incarceration has approved Rivera's petition for transfer to prerelease custody or supervised release despite his elevated recidivism-risk level. See 18 U.S.C. § 3624(g)(1)(D)(i)(II).

## III.    CONCLUSION

Based on the foregoing, the court will deny Rivera's petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

Date: ___11/3/25___

BY THE COURT:

**JUDGE JULIA K. MUNLEY**
**United States District Court**

8